IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MINISTER ISSA RA-EL,     *
  Ex Rel PATRICK C. LEWIS
           Petitioner,     *

     v.     *     CIVIL ACTION NO. RWT-13-1003

MARY LOU MCDONOUGH, DIRECTOR[1]     *
           Respondent.
                                     ***

**<u>MEMORANDUM OPINION</u>**

On April 4, 2013, Petitioner filed this action alleging he is being restrained of his liberty due to an alleged failure to appear in the Circuit Court for Prince George's County, Maryland on child support collection actions filed against him. He also references counts of burglary and trespass, although from a review of the Petition it is not clear if he was charged on those offenses.[2] He invokes this Courts habeas corpus jurisdiction under 28 U.S.C. § 2254, alleging that he: has been detained on defective warrants; is being restrained of his liberty on false allegations; and was unlawfully arrested. (ECF No. 1). He asks this Court to "vacate" his detainment and to release him

---

[1] The Prince George's County Correctional Center ("PGCCC") has informed court personnel that Petitioner is confined on failure to appear charges. Ms. McDonough is the Director of the PGCCC. Inasmuch as Petitioner is attacking his current detention in the PGCCC, McDonough would be the proper Respondent. *See United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989); *United States v. Hutchings*, 835 F.2d 185, 187 (8th Cir. 1987); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 443, 447, 451 (2004); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 496 (1973) (§ 2241 petitions typically heard by court having jurisdiction over petitioner's custodian). Generally, the custodian is the person having the day-to-day control over the detainee. *See Guerra v. Meese*, 786 F.2d 414, 416 (D.C. Cir. 1986). The docket shall be amended accordingly.

[2] A review of the state court document helps to clarify the issue. On March 5, 2013, a summons was issued in the District Court for Prince George's County, charging Petitioner, also known as Patrick C. Lewis, with one count of fourth-degree store burglary and one count of trespass on posted property. *See Maryland v. Lewis*, Criminal No. 1E00496791 (District Court for Prince George's County).

from custody. Petitioner has paid the $5.00 habeas filing fee. His Petition will, however, be summarily dismissed without requiring a response from respondent.

To the extent that Petitioner is attacking his pending criminal charges, his action shall be treated as a 28 U.S.C. § 2241 habeas corpus Petition. A district court will generally not intervene in ongoing state court criminal matters until the state judicial remedies available to a petitioner have been fully exhausted. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 609-610 (1975). Moreover, for a federal court to exercise its habeas corpus power to stop state criminal proceedings, "special circumstances" must exist. *See Braden v. 30th Judicial Circuit*, 410 U.S. 484, 489 (1973); *Dolack v. Allenbrand*, 548 F.2d 891, 893 (10th Cir. 1977). Such extraordinary circumstances include: bad faith prosecution; prosecution under patently unconstitutional statutes; or prosecution before a biased state tribunal. *See Younger v. Harris*, 401 U.S. 37 (1971); *Moore v. Sims*, 442 U.S. 415 (1979). Petitioner has not exhausted his state court remedies. Further, assuming, without deciding, that Petitioner has raised viable claims under the United States Constitution, his allegations do not raise substantive grounds for federal court intervention in his pending state prosecution by means of a pre-trial § 2241 habeas petition. *See, e.g., Dickerson v. Louisiana*, 816 F.2d 220, 226 (5th Cir. 1987). The merits of the habeas Petition shall not be considered by this Court.

For the aforementioned reasons, the Court hereby dismisses the case for the failure to exhaust state court remedies. A separate Order follows.

Date: April 5, 2013                                    /s/
                                                       ROGER W. TITUS
                                                       UNITED STATES DISTRICT JUDGE